```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                  CRIMINAL ACTION NO. 2:19-00120

DANIEL COLLAZO
YAISEL OQUENDO-CABALLERO

## MEMORANDUM OPINION AND ORDER

On April 6, 2020, the court granted the motion of defendants Daniel Collazo and Yaisel Oquendo-Caballero to proceed with sentencing via videoconference and scheduled both sentencing hearings for April 20, 2020, at 10:00 a.m., and 11:00 a.m., respectively. See ECF No. 132. In their motion, defendants stated that they have been in custody since their arrests on December 20, 2018. The presentence report ("PSI") for both defendants calculates their imprisonment range under the sentencing guidelines to be six to twelve months. Therefore, as of April 20, 2020, the date set for sentencing, defendants will have been in custody for approximately sixteen (16) months, four months longer than the top of the applicable guideline range. The government did not oppose defendants' motion to proceed with sentencing.

Rule 43 of the Federal Rules of Criminal Procedure requires a defendant to "be present" at "sentencing". Fed. R. Crim. P. 43(a). The United States Court of Appeals for the Fourth Circuit has interpreted "presence" under Rule 43 to mean physical

presence and, therefore, held that resentencing by video teleconference violated Rule 43.  <u>See</u> <u>United States v. Lawrence</u>, 248 F.3d 300, 303-05 (4th Cir. 2001).

However, on March 13, 2020, the President of the United States declared a national emergency under the National Emergencies Act, 50 U.S.C. § 1601 et seq., in light of the COVID-19 pandemic.  The impact of the pandemic is well-documented and, in order to lessen the spread of the disease, a number of measures have been instituted in this court, including the delay of criminal matters.  <u>See</u> General Order and General Order # 3 entered in <u>In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic</u>, No. 2:20-mc-00052 (S.D.W. Va. March 13, 2020 and March 23, 2020) (Johnston, C.J.). On April 14, 2020, the earlier delay of in-person criminal proceedings was extended through May 31, 2020.  <u>See</u> General Order # 5 entered in <u>In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic</u>, No. 2:20-mc-00052 (S.D.W. Va. April 14, 2020) (Johnston, C.J.).

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which President Trump signed into law that day.  The CARES Act authorizes the Judicial Conference of the United States to provide authority to Chief District Judges to permit certain criminal proceedings to be conducted by video or audio conference.  On March 29, 2020,

the Judicial Conference of the United States found that, pursuant to the CARES Act, emergency conditions with respect to COVID-19 have materially affected and will affect the functioning of the federal courts.  On March 30, 2020, the Chief Judge of this District, acting pursuant to the CARES Act and the authority granted by the Judicial Conference of the United States, found that felony sentencings could not be conducted in person without seriously jeopardizing public health and safety.  See General Order # 4 entered in In Re: Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic, No. 2:20-mc-00052 (S.D.W. Va. March 30, 2020) (Johnston, C.J.).  Therefore, General Order No. 4 authorizes a presiding judge to conduct a sentencing hearing via videoconference, with the consent of the defendant after consultation with counsel, if the presiding judge finds that for specific reasons the sentencing in a particular case cannot be further delayed without serious harm to the interests of justice.

In defendants' motion, counsel for defendants relate their efforts at obtaining the consent of defendants to proceed with sentencing via videoconference.  As outlined in their motion, those efforts have been hindered as both defendants do not speak English and require the assistance of an interpreter to communicate with counsel.  The language barrier, coupled with the social distancing guidelines currently in place, has made in-

person consultation with counsel impracticable.  Counsel for defendants have, however, communicated with defendants via their family members.  Those family members have indicated that defendants consent to proceeding by videoconference.  Accordingly, given the representation of counsel, the court concludes that defendants have consented to proceed with their sentencing hearings via videoconference.*

Also, under the circumstances of these cases, the court finds that sentencing "cannot be further delayed without serious harm to the interests of justice."  In particular, given the applicable sentencing guidelines and the absence of any factors indicating an above-guidelines sentence would be appropriate, the court concludes that delaying sentencing will prejudice defendants because they have already served sentences longer than what is called for under the guidelines. Cf. United States v. Emory, CR NO. 19-00109 JAO, 2020 WL 1856454, *2 (D. Haw. Apr. 13, 2020) (interests of justice did not require expediting sentencing where defendant had served eight months but potential guidelines range was 12 to 18 months); United States v. Jones, Criminal No. 19-225 (SRN/TNL), 2020 WL 1644257, *1 (D. Minn. Apr. 2, 2020)

---

* The court understands that counsel for defendants have arranged to confer with their clients prior to the sentencing hearings.  The court trusts that counsel will ensure that defendants have, in fact, consented to proceed by videoconference.  Counsel should be prepared to make a record indicating defendants' consent at the beginning of each hearing.

4

(denying defendant's motion to be sentenced by videoconference or teleconference, in part, because delaying sentencing would not prejudice defendant in light of his guidelines range).

For all these reasons, the court granted defendants' motion to proceed with sentencing via videoconference.

The Clerk is directed to send a copy of this Order to counsel of record, the Probation Office of this court, and the United States Marshal for the Southern District of West Virginia.

It is SO ORDERED this 17th day of April, 2020.

                                      ENTER:

                                      David A. Faber
                                      Senior United States District Judge